**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ZACHARY R. CHERTOK and ELIOT JOKELSON,<br><br>          Plaintiffs,<br><br><br><br><br>        v.<br><br>CITY OF MEDFORD, MEDFORD CITY COUNCIL, and BREANNA LUNGO-KOEHN, in their official capacities,<br><br>          Defendants. | Civil Action No. 1:26-cv-10589<br><br><br>**PLAINTIFFS' MOTION TO STRIKE PROPOSED INTERVENORS' MOTIONS IN TO STAY BRIEFING ON AND IN OPPOSITION TO PRELIMINARY INJUNCTION** |

Plaintiffs Zachary R. Chertok and Eliot Jokelson ("Plaintiffs") respectfully submit this Motion to Strike the Proposed Intervenors' motions to stay briefing, ECF 11, and oppose Plaintiffs' motion for preliminary injunction, ECF 22.

On April 28, 2026, the Proposed Intervenors filed their motion to intervene. ECF 9. On April 29, 2026, the Proposed Intervenors filed motions to stay briefing on Plaintiffs' preliminary injunction motion, ECF 11, and on April 30, 2026, opposition to Plaintiffs' preliminary injunction motion, ECF 22. The motion to intervene has not been granted and as such the Proposed Intervenors are not parties to this case and have no standing to engage in such motions practice.

As this Court has previously held, "motions to intervene are not granted automatically, nor does their filing constitute an automatic stay." *Mut. Produce, Inc. v. Penn Cent. Transp. Co.*, 119 F.R.D. 619, 620 (D. Mass. 1988). The mere filing of a motion to intervene does not grant the

movants party status, but rather the court must evaluate the motion to determine if the required elements of a motion to intervene are met. *Id.* Only parties to the case may engage in motions practice. *Id.* at 622. Proposed Intervenors whose motion has not been granted (and indeed is exceedingly unlikely to be granted) have no standing to engage in motions practice in the above-captioned case. *Ewers v. Heron*, No. 04-10024-RWZ, 2006 WL 279046, at *2 (D. Mass. Feb. 3, 2006).

Accordingly, Plaintiffs respectfully request that the Court grant this motion to strike the Proposed Intervenors' improperly filed motions, or in the alternative, deny them as moot.

Dated: May 1, 2026

Respectfully submitted,
/s/ *Douglas S. Brooks*
Douglas S. Brooks (BBO No. 636697)
LIBBY HOOPES BROOKS & MULVEY, P.C.
260 Franklin Street
Boston, MA 02110
(617) 338-9300
dbrooks@lhbmlegal.com

David Benger
NATIONAL JEWISH ADVOCACY CENTER
1954 Airport Road, Suite 1196
Atlanta, GA 30341
(332) 278-1100
david@njaclaw.org

Rachel Sebbag
THE GEVURA FUND
PO Box 1187
Gloucester, MA 01931
(978) 491-5414
rachel@njaclaw.org

*Counsel for Plaintiffs*

*admission *pro hac vice* forthcoming

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(a)(2), I certify that prior to filing this Motion, I met and conferred with counsel of record for all parties.

*/s/ Douglas S. Brooks*
Douglas S. Brooks (BBO# 636697)
LIBBY HOOPES BROOKS & MULVEY, PC
260 Franklin Street
Boston, MA 02110
(617) 338-9300
dbrooks@lhbmlegal.com

*Counsel for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on May 1, 2026, I served via electronic mail a copy of the foregoing motion and affidavit in the above-captioned matter on all counsel of record via ECF.

*/s/ Douglas S. Brooks*
Douglas S. Brooks (BBO# 636697)
LIBBY HOOPES BROOKS & MULVEY, PC
260 Franklin Street
Boston, MA 02110
(617) 338-9300
dbrooks@lhbmlegal.com

*Counsel for Plaintiffs*