**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| ZACHARY R. CHERTOK, et al.,<br><br>        Plaintiffs,<br>        v.<br>CITY OF MEDFORD, et al.<br><br>        Defendants. | C.A. No.: 1:26-cv-10589-GAO<br><br>**PROPOSED INTERVENORS' REPLY IN SUPPORT OF MOTION TO INTERVENE** |

Proposed Intervenors respectfully submit this Reply in further support of their Motion for Leave to Intervene pursuant to Federal Rule of Civil Procedure 24.

Plaintiffs' Opposition rests on a mischaracterization of Proposed Intervenors' interests, an overly rigid view of timeliness, and an overstatement of the governing case law. Even under the authorities Plaintiffs cite, Proposed Intervenors satisfy the requirements for intervention as of right under Rule 24(a), and, at minimum, permissive intervention under Rule 24(b) is warranted.

## INTRODUCTION

Plaintiffs' Opposition fails for three reasons. First, Proposed Intervenors moved promptly, within twelve days of Plaintiffs' motion for preliminary injunction, at the outset of this litigation. Second, Proposed Intervenors possess a direct and legally protectable interest in the Ordinance

Plaintiffs seek to enjoin, and disposition of this case would impair that interest. Third, the City's decision not to enforce the Ordinance and not to oppose preliminary injunctive relief demonstrates that Proposed Intervenors' interests will not be adequately represented.

**ARGUMENT**

Plaintiffs' Opposition misstates both the facts and the governing standard under Rule 24. Proposed Intervenors satisfy each requirement for intervention as of right, and Plaintiffs' arguments to the contrary rely on mischaracterizations of both Proposed Intervenors' interests and the applicable case law.

### I.      The Motion is Timely

Plaintiffs' timeliness argument misapplies both the governing standard and the cases on which they rely.

Timeliness under Rule 24 is a "case by case" inquiry that turns on the totality of the circumstances, including the stage of the litigation and any prejudice to existing parties. *Banco Popular de Puerto Rico v. Greenblatt*, 964 F.2d 1227, 1230 (1st Cir. 1992); *NAACP v. New York*, 413 U.S. 345, 366 (1973). Here, every relevant factor supports intervention. This case remains at an early stage: no discovery has occurred, no merits rulings have issued, Defendants only recently appeared, and Plaintiffs' Motion for Preliminary Injunction remains pending. Courts routinely find intervention at this stage, before any adjudication of the merits, to be timely.

Critically, Plaintiffs measure delay from the filing of the Complaint. That is not the relevant inquiry. The First Circuit has made clear that the timeliness clock begins when the intervenor knew

or reasonably should have known that its interests were imperiled. *Banco Popular*, 964 F.2d at 1231; *Public Citizen v. Liggett Group, Inc.*, 858 F.2d 775, 785 (1st Cir. 1988). Here, that point arose when Plaintiffs moved for a preliminary injunction on April 16, 2026, just two days after the Medford City Council publicly held an open meeting and vote discussing material issues to an ongoing litigation. *See* Pls.' Mot. for Prelim. Inj., ECF No. 6. Proposed Intervenors moved to intervene just twelve days later, on April 28, 2026. *See* Mot. to Intervene, ECF No. 22. That prompt action falls well within the bounds of timeliness.

Plaintiffs' reliance on *Banco Popular*, *R&G Mortgage*, and *Nextel* only underscores this conclusion. In each of those cases, courts denied intervention where the movant delayed for months or years after acquiring full knowledge of the risk to its interests, or sought to intervene at a late stage of the proceedings, including after settlement or judgment. See *Banco Popular*, 964 F.2d at 1231–32; *R&G Mortg. Corp. v. Fed. Home Loan Mortg. Corp.*, 584 F.3d 1, 8–9 (1st Cir. 2009); *Nextel Commc'ns of the Mid-Atl., Inc. v. Town of Hanson*, 311 F. Supp. 2d 142, 154–55 (D. Mass. 2004). The First Circuit has emphasized that the purpose of the timeliness requirement is to prevent "disruptive, late-stage intervention," not to bar prompt participation at the outset of litigation. *R&G Mortgage*, 584 F.3d at 9.

Proposed Intervenors did not sit on their rights. They moved promptly, within twelve days, at the outset of the litigation and in direct response to Plaintiffs' request for preliminary injunctive relief. There has been no discovery, no dispositive rulings, and no prejudice, as generalized complaints about additional briefing do not suffice. *See Banco Popular*, 964 F.2d at 1232 (describing prejudice as a "vital element" of the timeliness inquiry) (citing *Fiandaca v. Cunningham*, 827 F.2d 825, 834 (1st Cir. 1987)). To the contrary, Proposed Intervenors have kept

apace of a brisk and tight briefing schedule, while Plaintiffs have assented to newly appearing Defendant's Counsel's motion for a large extension of time to answer the Complaint. Under the totality of the circumstances, including the early posture of the case, the absence of prejudice, and Proposed Intervenors' prompt response to a concrete threat, the motion is timely.

## II.    Proposed Intervenors Have a Direct and Legally Protectable Interest

Proposed Intervenors satisfy Rule 24(a)'s requirement that they possess a direct and legally protectable interest in the subject of this litigation. Plaintiffs attempt to characterize Proposed Intervenors' interest as merely "ideological," but that misstates both the facts and the governing law. Proposed Intervenors are Medford residents and taxpayers whose interests are directly tied to the implementation of a duly enacted municipal ordinance governing the City's financial decision-making. Plaintiffs seek to enjoin that Ordinance. If successful, their claims would immediately alter the municipal fiscal framework and nullify the policy choices embodied in the Ordinance—constituting a concrete and particularized interest in this litigation.

Rule 24 requires only a "significantly protectable interest" that may be affected by the litigation. *Donaldson v. United States*, 400 U.S. 517, 531 (1971); *Daggett v. Comm'n Governmental Ethics & Election Practices*, 172 F.3d at 110. Plaintiffs' reliance on *Daggett* is misplaced. That case rejected intervention where the asserted interest was "infinitely diluted" or purely abstract. 172 F.3d at 110. Here, by contrast, Proposed Intervenors have a concrete stake in the enforcement of a specific municipal ordinance directly challenged in this litigation. Nor does *Students for Fair Admissions, Inc. v. President & Fellows of Harvard College*, 807 F.3d 472 (1st Cir. 2015) support Plaintiffs' position. There, the proposed intervenors asserted interests such as being educated in a diverse academic environment. Those interests were abstract and aligned

4

with the defendant's general litigation objectives. Here, by contrast, Proposed Intervenors do not assert a generalized policy preference, and rather seek to defend a specific municipal ordinance directly governing the management of public funds. That is a concrete and particularized stake.

*Public Service Co. of New Hampshire v. Patch*, 136 F.3d 197, 205-06 (1st Cir. 1998) is similarly inapposite. There, the First Circuit rejected intervention based on a generalized and contingent interest in lower electric rates shared by "every electricity consumer" and dependent on uncertain future developments. *See also Ungar v. Arafat*, 634 F.3d 46, 52 (1st Cir. 2011) (rejecting intervention where the asserted interest "doesn't have anything to do with the underlying dispute"). Here, by contrast, Plaintiffs seek to enjoin the very Ordinance governing municipal financial policy, and the resulting injury would be immediate and concrete.

Finally, Plaintiffs' reliance on M.G.L. c. 40, § 53 is misplaced. Proposed Intervenors do not contend that the statute creates an automatic right to intervene in federal court. Rather, it confirms that Massachusetts law recognizes taxpayers as having a concrete and judicially enforceable interest in the lawful exercise of municipal fiscal power. Section 53 authorizes courts to determine whether a municipality is acting beyond its lawful authority and to "restrain the unlawful exercise or abuse of such corporate power" before harm occurs. That framework reflects a legally cognizable interest in municipal fiscal governance, not a mere generalized policy concern.

In short, Proposed Intervenors have a direct, substantial, and legally protectable interest in the subject of this action, and Plaintiffs' attempt to characterize that interest as abstract or ideological should be rejected.

### III.    Disposition of This Action May Impair Proposed Intervenors' Interests

Proposed Intervenors satisfy Rule 24(a)(2)'s requirement that disposition of this action "may as a practical matter impair or impede" their ability to protect their interests. Fed. R. Civ. P. 24(a)(2); *Daggett*, 172 F.3d at 108. That standard is easily met here. Plaintiffs seek to enjoin and ultimately invalidate the Ordinance, which would directly eliminate the legal framework Proposed Intervenors seek to defend. The impairment is particularly acute at the preliminary injunction stage. Plaintiffs seek immediate relief halting enforcement of the Ordinance before any merits determination. If granted, that relief would impair Proposed Intervenors' interests at the outset of the case. Courts routinely find impairment where a party seeks to enjoin the operation of a law. Proposed Intervenors also lack any adequate alternative means to protect their interests. They are not parties to this action, and any injunctive relief would have immediate practical consequences for the Ordinance they seek to defend. Rule 24 requires only a showing that interests "may be" impaired, not certainty, and that standard is satisfied here.

The case law confirms this conclusion. In *Banco Popular*, intervention was denied where the case lacked broader public importance and the proposed intervenor remained "free to use" alternative legal mechanisms. 964 F.2d at 1233–34. This case presents the opposite circumstances. Plaintiffs seek to enjoin a municipal ordinance governing public funds, and Proposed Intervenors have no alternative avenue to defend it. Similarly, in *KG Urb. Enters., LLC v. Patrick,* 293 F.R.D. 42 (D. Mass. 2013), intervention was denied because the asserted interest depended on multiple uncertain contingencies and it was unclear whether the litigation would affect it. *Id.*at 47–48. Just as is the case in *Banco Popular*, the fact-pattern here is the polar opposite of the one presented in *KG Urban*. Plaintiffs seek to enjoin the Ordinance itself, and the resulting harm would be direct and immediate, not speculative. Plaintiffs' request to enjoin the law Proposed Intervenors seek to defend would impair Proposed Intervenors' ability to protect their interests.

In sum, because this action seeks to enjoin the very law Proposed Intervenors have a direct interest in defending, disposition would impair their ability to protect that interest.

### IV.    Existing Parties Do Not Adequately Represent Proposed Intervenors' Interests

Proposed Intervenors satisfy Rule 24(a)(2)'s requirement that their interests are not adequately represented by the existing parties. The burden is "minimal." *Daggett*, 172 F.3d at 114. A proposed intervenor need only show that representation of its interests "may be" inadequate. *Id.* at 112. While presumption of adequate representation may arise where a proposed intervenor shares the same ultimate objective as an existing party, that presumption is not limited to rebuttal by showing adversity, collusion, or nonfeasance. Rather, the intervenor need only offer adequate explanation why its interests are insufficiently represented, including where its interests differ in kind or degree. *B. Fernandez & Hnos., Inc. v. Kellogg USA, Inc.*, 440 F.3d 541, 546 (1st Cir. 2006).

That presumption is rebutted here. The City has disclaimed any intent to enforce the Ordinance during the pendency of this litigation and has not opposed Plaintiffs' request for preliminary injunctive relief. *See* Def.'s Resp. to Pls.' Mot. for Prelim. Inj. at 1, ECF No. 17. Moreover, Defendants had not entered an appearance in this case until after Proposed Intervenors filed their motion to intervene. Defendants then sought and obtained an extension of time to respond, with Plaintiffs' assent, without conferring with Proposed Intervenors' counsel, despite their active participation in the case and the likelihood that their motion would be granted. *See* Defs.' Mot. to Enlarge Time to Respond to Compl., ECF No. 19. Defendants have made very clear that they do not intend to enforce the ordinance and therefore to protect Proposed Intervenors' interests. Further, despite Plaintiffs' claim that "it is highly unlikely they [the City Council] would

[not] defend"[1] the Ordinance, the record reflects a substantial divergence between the City Council and the Mayor regarding the defense of this litigation and the Ordinance itself.[2] *See* Plaintiffs' Opp. To Mot. for Leave to Intervene, ECF No. 24. Defendant's Counsel reports to the Mayor, not the City Council, and multiple City Councilors have submitted declarations stating that they believe the Ordinance will not be meaningfully defended absent intervention. *See* Decl. of Matthew Leming, Decl. of Emily Lazzaro, *and* Decl. of Justin Tseng, filed concurrently with these papers. Proposed Intervenors do not seek to supplement an already vigorous defense. They seek to ensure that the Ordinance is defended at all. That posture creates a direct and concrete divergence between the City's litigation position and Proposed Intervenors' interests.

The governing case law confirms this conclusion. In *Students for Fair Admissions*, intervention was denied because the defendant vigorously defended the challenged policy and shared identical objectives with the proposed intervenors. 807 F.3d 472, 475–76 (1st Cir. 2015). No such showing exists here--rather, the contrary. And the First Circuit's discussion of *Cotter v. Massachusetts Association of Minority Law Enforcement Officers* confirms that adequacy of representation is a fact-specific inquiry. As the court explained, Rule 24 "eschew[s] a simple formula" and instead turns on "matters of degree and a particular fact pattern." *Students for Fair Admissions*, 807 F.3d at 475–77; *Cotter v. Mass. Ass'n of Minority Law Enf't Officers*, 219 F.3d 31, 37 (1st Cir. 2000). In *Cotter*, intervention was appropriate where the defendant did not oppose

---

[1] Proposed Intervenors note Plaintiffs' opposition, as drafted, appears to assert here that it is highly unlikely that the City Council *would* defend the Ordinance; however, presumably this is merely a typographical error.

[2] *See* Medford City Council frustrated by restricted access to legal advice, GOTTA KNOW MEDFORD, accessed at https://www.gottaknowmedford.com/medford-city-council-frustrated-by-restricted-access-to-legal-advice/ on May 6, 2026.

intervention and did not claim to represent the intervenors' interests. *Id.* at 33. That reasoning applies here, where the City has stepped back from defending the challenged law.

Similarly, *T-Mobile Ne. LLC v. Town of Barnstable* and *Sec. & Exch. Comm'n. v. LBRY, Inc.* found representation adequate only where the Town mounted a "vigorous" defense without any identified deficiency in that defense. 969 F.3d 33, 38–40 (1st Cir. 2020); 26 F.4th 96, 99-100 (1st Cir. 2022). By contrast, Proposed Intervenors point to the City's actual litigation posture, and the divergence is not tactical but structural. The mere fact that a government entity may represent broader institutional interests is insufficient to establish adequate representation. *Daggett*, 172 F.3d at 111.

In short, this is not a case in which there is any basis to "question the government's zeal in adequately defending" the challenged law. *Maine v. Dir., U.S. Fish & Wildlife Serv.*, 262 F.3d 13, 20 (1st Cir. 2001). Rather, the government has stepped back from defending. Under Rule 24(a)(2), that more than establishes that Proposed Intervenors' interests may not be adequately represented.

**V.      Alternatively, the Court Should Grant Permissive Intervention**

In the alternative, the Court should still grant permissive intervention under Rule 24(b). Permissive intervention is appropriate where the proposed intervenor "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). That is easily satisfied here. Proposed Intervenors seek to defend the same Ordinance challenged by Plaintiffs and to oppose the same request for injunctive relief. If the City were to defend the Ordinance, its defenses would raise the same legal and factual questions presented here. Plaintiffs

argue that permissive intervention should be denied because Proposed Intervenors would be redundant, unnecessary, and would complicate the proceedings. Those arguments fail.

This is not a case where intervention would "open the floodgates" to countless parties or overwhelm the litigation. *United States v. Metro. Dist. Comm'n*, 147 F.R.D. 1, 6 (D. Mass. 1993). In that case, the court denied permissive intervention where an industry association sought to participate in complex, multi-party environmental litigation concerning the Boston Harbor cleanup in order to influence a regulatory scheme affecting septage disposal. *Id.* at 2, 6. The court emphasized that the proposed intervenors' interests were diffuse, widely shared, and only tangentially related to the core issues in the case. *Id.* That concern is absent here. Proposed Intervenors seek to defend the very Ordinance at issue in this litigation. Their participation does not expand the case's scope – it directly addresses it. No other parties show the same level of interest in enforcing the Ordinance—and Defendants are failing to uphold it.

Proposed Intervenors' participation is not redundant, for largely the same reasons discussed at *supra* Section IV. Plaintiffs' reliance on cases such as *Resol. Tr. Corp. v. City of Bos.*, 150 F.R.D. 449, 455 (D. Mass. 1993) is misplaced. There, the court denied permissive intervention because the proposed intervenors would not "in any way reshape the issues" or contribute to resolving the case, where the City was already fully and actively defending. *Id.* at 454-55. Here, by contrast, the City has declined to enforce the Ordinance and has not opposed Plaintiffs' request for preliminary injunction. Nor has the City meaningfully responded to several factual and legal assertions raised in Plaintiffs' filings regarding the Ordinance itself. Multiple City Councilors have also declared concern regarding whether the Ordinance will be fully defended absent intervention.

*See* Declaration of Justin Tseng. Proposed Intervenors do not seek to duplicate an existing defense—they seek to ensure that the Ordinance is meaningfully defended at all.

Third, allowing intervention will not cause undue delay or prejudice. This case remains at an early stage, and Proposed Intervenors moved promptly. Their participation will assist the Court by ensuring that all relevant arguments in defense of the Ordinance are fully presented, which is precisely the type of contribution Rule 24(b) is intended to permit. Plaintiffs have not and cannot identify any tangible way in which Proposed Intervenors' involvement will unduly delay proceedings.

Finally, Plaintiffs' suggestion that Proposed Intervenors should proceed as amici instead of parties ignores the practical realities of this litigation. Where, as here, the validity and enforceability of a municipal ordinance are directly at stake and the governmental defendant has taken a limited litigation posture, participation as full parties is necessary to protect Proposed Intervenors' interests.

Accordingly, the Court should exercise its discretion to permit intervention.

Dated: May 7, 2026

Respectfully submitted,

*/s/Micah-Shalom Kesselman*

Micah-Shalom Kesselman (BBO #: 697902)
Attorney for Proposed Intervenors
499 Main Street
Medford, MA 02155
414-378-3533
mkesselm@gmail.com

*/s/Malak Afaneh*

11

Malak Afaneh
Staff Attorney
mafaneh@adc.org

*/s/Jenin Younes*

Jenin Younes
Interim President and Legal Director
jyounes@adc.org

American-Arab Anti-Discrimination Committee
910 17th Street, Northwest
Washington, DC 20006

*Attorneys for Proposed Intervenors*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on May 7, 2026, I served via electronic mail a copy of the foregoing motion and affidavit in the above-captioned matter on all counsel of record via ECF.

<u>/s/Micah-Shalom Kesselman</u>

Micah-Shalom Kesselman (BBO #: 697902)
Attorney for Proposed Intervenors
499 Main Street
Medford, MA 02155
414-378-3533
mkesselm@gmail.com

*Attorney for Proposed Intervenors*