UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ZACHARY R. CHERTOK, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>CITY OF MEDFORD, et al.<br><br>    Defendants. | C.A. No.: 1:26-cv-10589-GAO |

**DECLARATION**

I, Justin Yu-Chen Tseng, declare under penalty of perjury that the following facts are true and correct:

1. I am a City Councilor to Medford, Massachusetts, re-elected into office in November of 2025.

2. I have served on the Medford City Council for approximately four years and five months, and am currently in my third term.

3. It is my understanding that the Medford City Council is not legally authorized to direct or determine legal strategy in ongoing litigations.

4. To date, I have received no substantive briefing of legal posture or strategy from either the Mayor's office or appointed municipal counsel.

5. I believe that, had the Proposed Intervenors not moved to intervene when they did, the City of Medford would likely have defaulted in the ongoing case against it over the Values-Aligned Local Investment Ordinance.

6. This became particularly clear to me through the two meetings that, to the best of my recollection, constitute the only occasions on which appointed municipal counsel, KP Law, P.C. ("KP Law"), met with Council members to discuss the litigation in any detail.

7. On or about February 20, 2026, KP Law held a meeting with City Council President Isaac Bears, the acting City Clerk, and me.

8. At the February 20 meeting, KP Law focused primarily on the prospect of settlement rather than on articulating a substantive legal defense of the Ordinance, asking questions to determine the City's red lines for any potential settlement.

9. At the February 20 meeting, I personally offered KP Law several legal arguments, research directions, and litigation strategy considerations for their use in defending the Ordinance.

10. Based on my impressions from the February 20 meeting, it appeared that KP Law may not have been working from the final, enacted text of the Ordinance, as certain aspects of their discussion seemed to reflect a prior version that had not been passed.

11. At a subsequent City Council executive session, KP Law returned and presented the Council with substantially the same information as at the February 20

meeting, engaging with only one or two of the legal arguments, research directions, and litigation strategies I had offered at the February 20 meeting.

12. At the executive session, KP Law appeared to be steering the Council toward authorizing settlement of the litigation; the Council did not vote to authorize settlement.

13. I am in support of the Proposed Intervenors' motion to intervene and believe it is necessary to a fair and diligent defense of the City of Medford.

Signed:        */s/ Justin Yu-Chen Tseng*        Dated: May 6, 2026