UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

ZACHARY R. CHERTOK and ELIOT
JOKELSON,

      Plaintiffs,

v.

CITY OF MEDFORD, et al.,

      Defendants.

Case No. 1:26-CV-10589-GAO

**CITY OF MEDFORD'S OPPOSITION TO
PROPOSED INTERVENORS' MOTION FOR LEAVE TO INTERVENE**

NOW COME the City of Medford Defendants, acting by and through its Mayor Breanna Lungo-Koehn as Chief Executive Officer ("City"), and hereby opposes Proposed Intervenors' Clare Sheridan, Miranda Briseno, Chadi Salamoun, Benjamin Stein, Phoebe Eckart-Lee, Cassandra Fox, Michael Prentky, Janet Sass Collins, Dwight Schaffer Collins, Noah Brewer-Wallen, Emily Nola Sundquist, and Sam Collins (collectively, "Proposed Intervenors") Motion for Leave to Intervene. As grounds for this Opposition, the City relies on the within Memorandum of Reasons.

**MEMORANDUM OF REASONS**

**I.    ARGUMENT**

Pursuant to Rule 24 of the Federal Rules of Civil Procedure, a party may intervene only if (1) they may intervene as of right pursuant to Rule 24(a); or (2) the Court exercises its discretion to permit the parties to intervene pursuant to Rule 24(b). Fed. R. Civ. P. 24. For the reasons set forth below, the City Defendants, by and through its Mayor, submit that the Proposed Intervenors do not meet the criteria for by-right or permissive intervention.

### A.    PROPOSED INTERVENORS MAY NOT INTERVENE AS OF RIGHT.

Parties who seek to intervene as of right must meet four requirements: (1) "the application must be timely"; (2) Proposed Intervenors "must claim an interest relating to the property or transaction which is the subject of the action"; (3) Proposed Intervenors "must be so situated that the disposition of the action may as a practical matter impair or impede [their] ability to protect that interest"; and (4) that interest "will not be adequately represented by existing parties." Travelers Indem. Co. v. Dingwell, 884 F.2d 629, 637 (1st Cir. 1989), citing Fed. R. Civ. P. 24(a). If Proposed Intervenors fail to meet even one of these requirements, they cannot intervene as of right. Id. (citation omitted).

Here, where Proposed Intervenors "seek[] to intervene as a defendant alongside a government entity," the City of Medford, "the burden of persuasion is ratcheted upward" such that the Court "start[s] with a rebuttable presumption that the government will defend adequately its action." Victim Rights Law Ctr. v. Rosenfelt, 988 F.3d 556, 561 (1st Cir. 2021), citing Cotter v. Mass. Ass'n of Minority L. Enf't Officers, 219 F.3d 31, 35 (1st Cir. 2000).  To rebut the presumption, Proposed Intervenors must provide a "strong affirmative showing" that the governmental defendant "is not fairly representing the [Proposed Intervenor]'s interests." Rosenfelt, 988 F.3d at 561, citing Pub. Serv. Co. of N.H. v. Patch, 136 F.3d 197, 204 (1st Cir. 1998).  No such showing has been made in this case.  The City has appeared, is actively involved in this litigation and is the exclusive entity to litigate challenges to its ordinances.

The Mayor, as the chief executive authority for the City, manages City Departments and City personnel, oversees City operations and services within the City's municipal budget and limited public resources, and directs and defends litigation brought on behalf of the City or against the City.  See Medford City Charter, at § 48 ("There shall be a mayor, elected by and from the

2

qualified voters of the city, who shall be the chief executive officer of the city"); Motion for Leave to Intervene ("Motion"), at 4 ("only the Mayor can authorize the City of Medford to take up substantive defense of lawsuits levied against the City of Medford."). Such requirement exists for good reason: allowing a small group of individuals to intervene in pending or future litigation upon mere speculation regarding the City's position or operations on said litigation would open the floodgates and subject municipalities to significant financial and legal exposure on matters within the City and Mayor's executive authority and jurisdiction, as elected by the City's voters for such purposes. Indeed, an "interest in making an additional constitutional argument in defense of government action does not render the government's representation inadequate." Rosenfelt, 988 F.3d at 562. See KG Urban Enterprises, LLC v. Patrick, 293 F.R.D. 42, 48 (D. Mass. 2013) (proposed intervenors may present their arguments in form of amicus brief if anticipated ideological difference of opinion does not warrant adding proposed intervenors as party).

Additionally, Proposed Intervenors have not demonstrated any particularized interest in the ordinance at issue apart from other residents in Medford. "[A] party to claim standing [to intervene] must have an interest distinct from that of every other citizen or taxpayer." Alianza Americas v. DeSantis, 2022 WL 17094688, C.A. No. 22-CV-11550-ADB (D. Mass., Nov. 21, 2022) (alterations in original), quoting Daggett v. Comm'n on Governmental Ethics & Election Practices, 172 F.3d 104, 110 (1st Cir. 1999). This requirement "reflects a well-founded reluctance to allow intervention by individuals whose interest is infinitely diluted, rests solely on ideological grounds, or could be replicated by an unlimited number of parties or would-be intervenors." Id., citing Daggett, 172 F.3d at 110 and United States v. Richardson, 418 U.S. 166, 179-180 (1974). By their own account, Proposed Intervenors' interest in this matter is not distinct: they recount "the large number of interested individuals who had come to speak" and "substantial public

comment" received during the legislative debate on the ordinance.  Motion, at 7-8.  While the City

certainly does not refute that individuals may exercise their individual political rights, that interest

does not create a right to intervene when the City is actively involved in this litigation.  As such,

the proposed intervenors do not meet the requisite criteria.

The City further submits that the Proposed Intervenors are not without adequate remedy:

they may seek leave to file amicus briefing in this matter and may continue to engage in the local

democratic process to advocate for their interests by and through their elected Mayor and City

Council.  But a general interest in the subject matter of the litigation does not confer a right to

intervene.  Accord Alianza Americas, supra at 1.

**B.**     **PROPOSED INTERVENORS SHOULD NOT BE GRANTED PERMISSIVE INTERVENTION.**

Pursuant to Rule 24(b), "[o]n timely motion, the court may permit anyone to intervene who

. . . has a claim or defense that shares with the main action a common question of law or fact."

Fed. R. Civ. P. 24(b)(1)(B).  Permissive intervention is wholly discretionary, but whenever the

Court is considering whether to permit intervention, it "must consider whether the intervention

will unduly delay or prejudice the adjudication of the original parties' rights."  T-Mobile Ne. LLC

v. Barnstable, 969 F.3d 33, 40 (1st Cir. 2020) (District Court's discretion to deny permission

intervention is "very broad").  For the reasons set forth above, permissive intervention is also

unwarranted here and would unduly delay and prejudice the litigation in contravention of

Fed.R.Civ.P. 1, which requires that the Rules of Civil Procedure "should be construed,

administered, and employed by the court and the parties to secure the just, speedy, and inexpensive

determination of every action and proceeding."

While Proposed Intervenors attempt to raise entirely unjustified and speculative allegations

of a poorly conceived legal strategy or inadequate defense on their hypotheses or subjective

opinions, such speculation does not permit a small group of citizens to defend the City's own ordinances and analyze its own legal positions, which may have significant legal and financial considerations to the City, a public entity. As apparent in the filings to date by the Proposed Intervenors, the addition of the intervenors in this litigation would cause unnecessary confusion and delay, impede the City's legal and financial positions in the case, and require additional conferral with parties who have no legal authority over implementation or staffing of the City's ordinances or oversight over City personnel, finances or municipal operations.

WHEREFORE, the City of Medford Defendants, by and through its Mayor, hereby respectfully submit that the Proposed Intervenors Motion to Intervene be denied.

Respectfully Submitted,

DEFENDANT CITY OF MEDFORD, ET AL.,

By its attorneys,

/s/ Janelle M. Austin
Janelle M. Austin (BBO# 666835)
Devan C. Braun (BBO# 703243)
KP Law, P.C.
101 Arch Street
12th Floor
Boston, MA 02110-1109
(617) 556-0007
jaustin@k-plaw.com
dbraun@k-plaw.com

Date: May 13, 2026

## CERTIFICATE OF SERVICE

I, Janelle M. Austin, hereby certify that, on the below date, I caused a copy of the foregoing *Opposition to Proposed Intervenors' Motion for Leave to Intervene* through the ECF filing system to counsel of record.

Date: May 13, 2026

/s/ Janelle M. Austin
Janelle M. Austin