**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| ZACHARY R. CHERTOK, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>CITY OF MEDFORD, et al.<br><br>    Defendants. | C.A. No.: 1:26-cv-10589-GAO<br><br>**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF PROPOSED INTERVENORS' MOTION TO INTERVENE** |

Proposed Intervenors respectfully submit this supplemental memorandum to notify the Court of developments that occurred after briefing on intervention was substantially completed and that bear directly on the issues presently before the Court.

Since the filing of Proposed Intervenors' Motion to Intervene, two sitting members of the Medford City Council—Councilor Anna Callahan and Councilor Matthew Leming—have determined that their intervention is necessary and now seek to join as Proposed Intervenors. *See* Callahan Decl. ¶¶ 8–9; Suppl. Leming Decl. ¶¶ 4–5. Their participation further confirms the existence of the divergence between the City Defendants' litigation posture and the interests of those seeking to defend and enforce the Values-Aligned Local Investments Ordinance.

As the Court is aware, a central issue presented by the pending intervention motion is whether Proposed Intervenors' interests are inadequately represented by the existing Defendants.

See Fed. R. Civ. P. 24(a)(2). Throughout this litigation, Proposed Intervenors have argued that intervention is necessary because the City has declined to enforce the Ordinance during the pendency of this action and to meaningfully oppose Plaintiffs' request for preliminary injunctive relief, and has instead adopted a litigation posture focused on limiting institutional exposure rather than fully defending the Ordinance on the merits.

The decision of two sitting City Councilors to seek intervention is directly relevant to the adequacy-of-representation inquiry presently before the Court. Councilors Callahan and Leming are elected members of the Medford City Council. Callahan supported the Ordinance during the legislative process, and Leming voted in favor of its passage; both continue to support its implementation and enforcement. *See* Callahan Decl. ¶ 4; Suppl. Leming Decl. ¶ 3. Their determination that intervention is necessary provides additional evidence that the interests of those responsible for adopting and supporting the Ordinance are not fully aligned with the City's current litigation posture. *See* Callahan Decl. ¶¶ 7–9; Suppl. Leming Decl. ¶¶ 4–5.

Their participation further corroborates concerns regarding adequacy of representation and divergence of interests previously identified in Proposed Intervenors' Motion to Intervene, Memorandum in Support, and Reply Memorandum. *See* ECF Nos. 9, 10, and 36. The participation of Councilors Callahan and Leming is also consistent with Supreme Court precedent recognizing that individuals connected to the enactment and defense of challenged laws may possess interests distinct from executive officials responsible for litigation decisions. *See Berger v. N.C. State Conf. of the NAACP*, 597 U.S. 179, 198 (2022) (recognizing intervention by legislative leaders who sought to "give voice to a different perspective" regarding the defense of challenged legislation); *cf. Karcher v. May*, 484 U.S. 72, 80 (1987) (recognizing intervention where legislative actors

sought to defend a statute when "no other party defendant was willing to defend the statute"). The fact that two sitting members of the Medford City Council now seek intervention further underscores the divergence between the interests of those responsible for the Ordinance's enactment and the City's present litigation posture. *See Cotter v. Mass. Ass'n of Minority Law Enf't Officers*, 219 F.3d 31, 35-37 (1st Cir. 2000) (intervention analysis turns on whether there exists "enough likelihood of conflict or divergence" between the proposed intervenor and existing parties).

These developments also reinforce Proposed Intervenors' argument that this case is distinguishable from others in which courts denied intervention because governmental defendants were already vigorously defending the challenged law. *See, e.g., Victim Rights Law Ctr. v. Rosenfelt*, 988 F.3d 556 (1st Cir. 2021); *KG Urban Enters., LLC v. Patrick*, 293 F.R.D. 42 (D. Mass. 2013). Rather than seeking to advance merely supplemental arguments, Councilors Callahan and Leming seek intervention because they share the concern already articulated by Proposed Intervenors that the Ordinance will not otherwise receive a full and meaningful defense.

Nor will supplementation cause prejudice or delay. The motion to intervene remains pending, and these developments arose only after the intervention briefing was substantially completed. Consideration of these supplemental facts will assist the Court in resolving the pending Rule 24 issues on the fullest possible record.

For these reasons, and for those set forth in Proposed Intervenors' Motion to Intervene, Memorandum in Support, and Reply Memorandum, Proposed Intervenors respectfully request that the Court consider the attached supplemental materials and permit Councilors Anna Callahan and Matthew Leming to join as Proposed Intervenors in this action.

Respectfully submitted,

*/s/Micah-Shalom Kesselman*

Micah-Shalom Kesselman (BBO #: 697902)
Attorney for Proposed Intervenors
499 Main Street
Medford, MA 02155
414-378-3533
mkesselm@gmail.com

*/s/Malak Afaneh*

Malak Afaneh
Attorney for Proposed Intervenors
American-Arab Anti-Discrimination Committee
910 17th Street, Northwest
Washington, DC 20006
mafaneh@adc.org

*/s/Jenin Younes*

Jenin Younes
Attorney for Proposed Intervenors
American-Arab Anti-Discrimination Committee
910 17th Street, Northwest
Washington, DC 20006
jyounes@adc.org

4

## CERTIFICATE OF SERVICE

I certify that on June 12, 2026, I served via ECF a copy of the foregoing Supplemental Memorandum in Support of Proposed Intervenors' Motion to Intervene, together with the Declaration of Anna Callahan and Supplemental Declaration of Matthew James Leming, on all counsel of record.

_/s/Micah-Shalom Kesselman_

Micah-Shalom Kesselman (BBO #: 697902)
Attorney for Proposed Intervenors
499 Main Street
Medford, MA 02155
414-378-3533
mkesselm@gmail.com

_Attorney for Proposed Intervenors_

5