UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ZACHARY R. CHERTOK and ELIOT JOKELSON,<br><br>        Plaintiffs,<br><br>v.<br><br><br>CITY OF MEDFORD, MEDFORD CITY COUNCIL, and BREANNA LUNGO-KOEHN, in their official capacities,<br><br>        Defendants. | Civil Action No. 1:26-cv-10589-GAO<br><br>**PLAINTIFFS' OPPOSITION TO PROPOSED INTERVENORS' MOTION TO "SUPPLEMENT" MOTION TO INTERVENE; AND PLAINITFFS' MOTION TO STRIKE** |

## PRELIMINARY STATEMENT

Plaintiffs Zachary R. Chertok and Eliot Jokelson ("Plaintiffs") respectfully submit this Opposition to the Proposed Intervenors' Motion to "Supplement" their Motion to Intervene, ECF 38, by adding two sitting Medford City Councilors to the group of Proposed Intervenors. In addition to the arguments Plaintiffs have already submitted to this Court opposing the Proposed Intervenors' initial motion to intervene, ECF 24, and incorporated here by reference, there are four additional reasons why the "Supplement" by the City Councilors should be denied and struck from the record.

*First*, one cannot move to intervene in an action in which one is already a party. City Council is named as a Defendant in this lawsuit, and therefore its sitting members are already parties to this action. Intervention is not a mechanism by which one can participate twice in the same litigation, once in one's official capacity and once in one's personal capacity. Defendants may wish to shift litigation strategy and/or retain new counsel, but in no instance may they retain

their first attorneys, as well as a second team of attorneys to make argument as both City Council and in their personal capacity. In any event, disagreement with litigation strategy does not demonstrate inadequacy of representation for purposes of intervening.

*Second*, a "Supplement" to a motion to intervene is not a recognized procedural mechanism contemplated by Rule 24, any local rule, or the case law. Any would-be intervenor must independently satisfy Rule 24's requirements, which the City Councilors fail to do.

*Third*, no pleading is attached to the filing despite the requirements of Rule 24(c), a defect that the Proposed Intervenors have failed to cure since their first filing, despite engaging in extensive motions practice.

*Fourth*, solicitation by counsel for the Proposed Intervenors of members of the City Council is a sanctionable violation of Massachusetts Rule of Professional Conduct 4.2 which prohibits attorneys from communicating with already-represented parties. This brazen violation of the Professional Rules—of which counsel for the Proposed Intervenors have now been warned multiple times by counsel for Defendants—not only warrants discipline but should disqualify this motion filed on behalf of already-represented parties from the Court's consideration and struck from the record.

For all these reasons, the "Supplement" to the Proposed Intervenors' Motion to Intervene should be denied.

## BACKGROUND

Following Defendants' passage in winter 2025 of the Values Aligned Ordinance ("Ordinance"), Plaintiffs—taxable inhabitants of the City of Medford—filed their Complaint on February 2, 2026, ECF 1, challenging the Ordinance's validity and legality on grounds of preemption and fiduciary duty. Plaintiffs subsequently filed a Motion for Preliminary Injunction

2

to stay enforcement of the Ordinance pending the outcome of this litigation on April 16, 2026, ECF 5, to which Defendants consented on April 30, 2026, ECF 17, ECF 19 at 1. On April 28, 2026, Proposed Intervenors filed their Motion to Intervene, ECF 9, which Plaintiffs and Defendants separately opposed, ECF 24 (Plaintiffs' Opposition), ECF 33 (Defendants' Opposition). The Proposed Intervenors subsequently engaged in extensive improper substantive motions practice. *See, e.g.*, ECF 22 (opposing the preliminary injunction).

On June 12, 2026, the Proposed Intervenors filed a so-called "Supplement" to their motion to intervene, ECF 38. The individuals Proposed Intervenors purport to be "supplementing" are two sitting members of Defendant City Council of Medford, Anna Callahan and Matthew Leming. Both Callahan and Leming assert in appended declarations that they "seek to join this action as a Proposed Intervenor as a private citizen and Medford resident under my rights as a municipal resident taxpayer." ECF 38-1, Callahan Dec., ¶ 9; ECF 38-2, Leming Dec. ¶ 4. Leming had previously submitted a declaration of his "support of" the Motion to Intervene; he is now attempting to intervene as a party directly. ECF 38-2 ¶ 1. Neither has any cognizable interest supporting intervention and the "Supplement" should be denied.

## ARGUMENT

### A. City Council is a Defendant, and as Such its Members Cannot Move to Intervene in an Action to Which They Are Already a Party.

Intervention is a procedural outlet for non-parties to enter into an action in which they have an inadequately represented interest. By definition, a defendant who is a party to the action simply cannot be an intervenor. It is a procedural impossibility. Sitting members of Defendant the City Council of Medford, including Callahan and Leming, are already parties to this action, and as such they are disqualified from intervening in the case.

3

As Plaintiffs have already explained, intervention under Rule 24 is a detailed test, in which the would-be intervenor must demonstrate that they qualify for intervention as of right or permissive intervention. *See* Fed. R. Civ. P 24(a), 24(b); ECF 24 at 2–10. The "Supplement" does not present an argument for why or how Callahan and Leming, defendants to this action as sitting City Councilors, can also be intervenors under these tests, nor do the Proposed Intervenors even indicate whether they are arguing that these City Councilors be added under Rule 24(a) or 24(b).

The case law relied on in the "Supplement" for this baseless theory cuts directly against the Proposed Intervenors. In *Berger v. N.C. State Conf. of the NAACP*, 597 U.S. 179, 198–99 (2022), the Supreme Court granted intervention to the speaker of the State House of Representatives and president pro tempore of the State Senate who through their participation in the case would advocate for important state interests not otherwise represented. This is the exact opposite of the situation here, where the relevant city legislative and executive bodies have been named as Defendants, including the City Council on which Callahan and Leming themselves sit.

Moreover, *Berger* turned on an express grant of authority that has no counterpart here. North Carolina law named the legislative leaders as agents of the State and gave them standing to intervene on the General Assembly's behalf in any suit challenging a state statute. No Massachusetts statute authorizes individual city councilors to intervene on the City's behalf, and the Proposed Intervenors cite none.

*Karcher v. May*, 484 U.S. 72 (1987) is even less helpful to the Proposed Intervenors. There, the Supreme Court held that state legislative officials who had intervened in a case in their official capacity were not entitled to appeal a decision "in their other individual and professional capacities." *Id.* at 78. Callahan and Leming are defendants in this suit as sitting Council Members; they may not clone themselves and appear in the case also in their individual/personal capacities.

The Proposed Intervenors will answer that Callahan and Leming appear not as Councilors but, in the words of their own declarations, as a "private citizen and Medford resident" asserting "rights as a municipal resident taxpayer." ECF 38-1, Callahan Dec. ¶ 9; ECF 38-2, Leming Dec. ¶ 4. But there are two strong presumptions at play here that anyone purporting to intervene as a private citizen to defend the Ordinance would be unable to overcome: *one*, the interests and goals are identical to those already being represented by Defendants; and *two*, multiple government entities are named Defendants, and government is presumed to adequately defend the interests of the townspeople. *Mass. Food Ass'n v. Sullivan*, 184 F.R.D. 217, 224 (D. Mass.), *aff'd sub nom.*, *Mass. Food Ass'n v. Mass. Alcoholic Beverages Control Comm'n*, 197 F.3d 560 (1st Cir. 1999). Strip away the official role the declarants disclaim, and what remains is a bare interest in seeing an ordinance defended, an interest Callahan and Leming share with *every other resident of Medford* and therefore no interest at all for the purposes of Rule 24(a)(2). *See* ECF 24 at 4–7. A city councilor who sues in an individual capacity has no greater stake in a municipal regulatory measure than any other member of the public, even as to a measure he or she voted to enact. *Harvard Square Def. Fund, Inc. v. Planning Bd. of Cambridge*, 27 Mass. App. Ct. 491, 496 (1989). The Proposed Intervenors identify no decision permitting individual councilors to intervene as taxpayers to defend an ordinance their council is already in court defending, because there is none.

The only thing that comes close to a substantive argument made in the "Supplement" is that Callahan and Leming seem to disagree with the litigation strategy being pursued by the Defendants. ECF 38 at 1–3. Even if all the other boxes are ticked for intervention—which, to be clear, they are not—the inadequacy of representation prong is never met where the supposed inadequacy is a disagreement with litigation strategy or differing views for how the specifics of the arguments should be presented. *Sec. & Exch. Comm'n v. LBRY, Inc.*, 26 F.4th 96, 99–100 (1st

5

Cir. 2022) (denying intervention as "a proposed intervenor's desire to present an additional argument or a variation on an argument does not establish inadequate representation"). A municipality's litigation choices belong *to the municipality* and the counsel who represent it; two councilors who would have litigated differently are literally outvoted members *of* the defendant body, not an unrepresented sovereign voice.

There is no case law cited by the Proposed Intervenors that stands for the proposition that defendants in a litigation can also be intervenors in the same litigation—nor could there be, because the entire concept of intervention is that a non-party has an interest unrepresented by the existing parties and therefore wishes to enter into the case. Under no theory do sitting members of City Council Callahan and Leming qualify for intervention.

### B. Intervention Can Only Be Sought by Motion, Not a "Supplement."

As discussed in Section A*, supra*, and in Plaintiffs' prior briefing on this issue, ECF 24, there is a specific test for evaluating whether intervention is warranted under Rule 24, and a would-be intervenor may only demonstrate their eligibility under that test by motion to the court, not a "Supplement" that piggybacks on the initial motion without demonstrating why these specific new would-be intervenors should be granted intervention. If Proposed Intervenors had attempted to flesh out these tests, they might have quickly understood that they have no basis for intervention here as parties. Even construed as a freestanding motion to intervene, the "Supplement" fails for the reasons set out in Sections A, C, and D.

### C. A Motion to Intervene Must be Accompanied by a Pleading.

Rule 24(c) requires that a motion to intervene "be accompanied by a pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c). At no point have the Proposed Intervenors attached anything. Courts regularly deny intervention for this failure. *See Rhode Island Fed'n of Tchrs., AFL-CIO v. Norberg*, 630 F.2d 850, 854 (1st Cir. 1980) ("Whether

of right or permissive, intervention under Rule 24 is conditioned by the Rule 24(c) requirement that the intervenor state a well-pleaded claim or defense to the action." (internal citations omitted)); *accord Abramson v. Pennwood Inv. Corp*, 392 F.2d 759, 761 (2d Cir. 1968) (affirming denial of intervention where the movant failed to attach the required pleading); *Shevlin v. Schewe*, 809 F.2d 447, 450 (7th Cir. 1987) ("Federal Rule of Civil Procedure 24(c) is unambiguous in defining the procedure for an intervenor.").

Whatever latitude Rule 24(c) leaves in the ordinary case, it does not excuse a movant who has litigated this matter for months, opposed the preliminary injunction, and filed successive motions, yet never tendered the pleading the Rule requires. The omission has forced Plaintiffs and the Court to guess at the claim or defense for which intervention is sought. Months of motions practice provided time enough to comply.

**D.  The "Supplement" Must be Struck, and Counsel Disciplined, for Rule 4.2 Violations**

The ex parte communications by counsel for the Proposed Intervenors with sitting City Councilors warrants both the striking of the improperly gotten "Supplement" from the record and discipline of the offending attorneys. Massachusetts Rule of Professional Conduct 4.2 provides: "In representing a client, a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized to do so by law or a court order." Note that Rule 4.2 applies even if "the represented person initiates or consents to the communication," with the attorney obligated to immediately terminate communication with the represented person. Mass. R. Prof. C. § 4.2 cmt 3.

Sitting members of the City Council named as Defendants in ongoing litigation unquestionably fall within Rule 4.2's protection. *See Metro. Prop. & Cas. Ins. Co. v. Advanced Spine Centers, Inc.*, No. CV 07-10746-NMG, 2010 WL 11575512, at *8 (D. Mass. May 21, 2010);

*accord Frank v. L.L. Bean Inc.*, 377 F. Supp. 2d 233, 237 (D. Me. 2005) ("will bar contact between counsel representing a party opposed to the municipality in a litigated matter and those officials of the municipality who have the responsibility of making decisions on the litigation and matters directly related to it" (quoting and applying the near-identical Maine Rule 3.6(f)). The comments to Rule 4.2 explain that with respect to "a represented organization" the Rule prohibits communication with those members of the organization "who exercise managerial responsibility in the matter, who are alleged to have committed the wrongful acts at issue in the litigation, or who have authority on behalf of the organization to make decisions about the course of the litigation." Mass. R. Prof. C. § 4.2 cmt. 7. Here, if a City Council is construed as an "organization," and even if its sitting members contest their degree of "managerial responsibility" or their "authority" to make litigation decisions, sitting City Councilors clearly remain represented persons covered by this Rule, as they are the defendants "who are alleged to have committed the wrongful acts at issue in the litigation" by passing and enforcing the challenged Ordinance. Indeed, the very City Councilors filing to be Proposed Intervenors declare that they are responsible for the enforcement of the challenged Ordinance in their declarations. ECF 38-1 ¶ 4; ECF 38-2 ¶ 3.

There can be no question that counsel for Proposed Intervenors know they are in ongoing violation of Rule 4.2. In email communications between counsel for the parties and the Proposed Intervenors, defense counsel has repeatedly warned counsel for the Proposed Intervenors that they are in violation of Rule 4.2 in their solicitation of sitting City Councilors. *See* Email Communications Between Counsel, attached hereto as Exhibit A. The fact that counsel for the Proposed Intervenors persist in communicating with represented Defendants despite this warning is worthy of discipline, up to and including sanction pursuant to the Court's inherent sanctioning power. 28 U.S.C. § 1927 (allowing imposition of costs as a form of discipline for attorney

misconduct). Counsel for the Proposed Intervenors should further be referred to the Massachusetts Board of Bar Overseers. At the very least, the "Supplement" should be stricken from the record as it is irretrievably tainted by Rule 4.2 violations. *Metro. Prop.*, 2010 WL 11575512, at *11. The Court possesses inherent authority to strike from the record materials obtained through a violation of the rules of professional conduct, so that counsel may not profit from their own misconduct.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Proposed Intervenors' Motion to "Supplement" their Motion to Intervene; strike the declarations of Anna Callahan and Matthew Leming (ECF 38-1, ECF 38-2) and the "Supplement" (ECF 38) from the record as the fruit of improper ex parte contact with represented parties; and refer counsel for the Proposed Intervenors to the Massachusetts Board of Bar Overseers and impose such further sanctions as the Court deems just under its inherent authority and 28 U.S.C. § 1927.

Dated: June 26, 2026
Boston, Massachusetts

Respectfully submitted,
/s/ *Douglas S. Brooks*
Douglas S. Brooks (BBO No. 636697)
LIBBY HOOPES BROOKS & MULVEY, P.C.
260 Franklin Street
Boston, MA 02110
(617) 338-9300
dbrooks@lhbmlegal.com

David Benger*
NATIONAL JEWISH ADVOCACY CENTER
1954 Airport Road, Suite 1196
Atlanta, GA 30341
(332) 278-1100
david@njaclaw.org

Rachel Sebbag*
THE GEVURA FUND
PO Box 1187
Gloucester, MA 01931
(978) 491-5414
rachel@njaclaw.org

*admitted *pro hac vice*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies/PDFs will be sent by regular mail/email on this date to those indicated as non-registered participants.

/s/ *Douglas S. Brooks*
Douglas S. Brooks