UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ZACHARY R. CHERTOK, ELIOT JOKELSON, residents and taxpayers of the City of Medford,<br><br>          Plaintiffs,<br><br>v.<br><br>CITY OF MEDFORD, MEDFORD CITY COUNCIL, BREANNA LUNGO-KOEHN, in their official capacities,<br><br>          Defendants. | Case No. 1:26-CV-10589-GAO |

**ANSWER OF DEFENDANTS CITY OF MEDFORD, MEDFORD CITY COUNCIL, AND MAYOR TO PLAINTIFFS' VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

NOW COME Defendants City of Medford, Medford City Council, and Mayor Breanna Lungo-Koehn (collectively, "City") and hereby answer Plaintiffs' Verified Complaint for Declaratory and Injunctive Relief as follows:

**INTRODUCTION**

1.      The allegations of the introductory paragraph constitute contentions as to matters of law setting forth Plaintiffs' claims to which no answer is required.  To the extent a response is required, the allegations are denied.

2.      The allegations of Paragraph 2 constitute contentions as to matters of law setting forth Plaintiffs' claims to which no answer is required.  To the extent a response is required, the allegations are denied.

3.      The allegations in Paragraph 3 of the Complaint comprise plaintiffs' request for relief, which does not require a response by the City.  The City, however, denies that the plaintiffs are entitled to the relief sought.

## JURISDICTION AND VENUE

1.      Paragraph 1 of the Complaint contains conclusions of law for which no answer is required by the City.

2.      Paragraph 2 of the Complaint contains conclusions of law for which no answer is required by the City.

3.      Paragraph 3 of the Complaint contains conclusions of law for which no answer is required by the City.

## PARTIES

4.      The City is without knowledge or information sufficient to admit or deny the allegations of Paragraph 4.

5.      The City is without knowledge or information sufficient to admit or deny the allegations of Paragraph 5.

6.      Admitted.

7.      Admitted.

8.      Admitted only that the Mayor is the City's Chief Executive Officer of the City of Medford pursuant to the City's Charter.  Denied to the extent that this allegation excludes the municipal Treasurer's authority under Massachusetts General Laws.

9.      The City is without knowledge or information sufficient to admit or deny the allegations of Paragraph 9.

10.      Paragraph 10 of the Complaint contains conclusions of law for which no answer is required by the City.  To the extent further answer is required, the allegations are denied.

11.    Denied.

## FACTUAL BACKGROUND

12.    Admitted.

13.    The City's Ordinance speaks for itself and denied to the extent inconsistent therewith.

14.    Admitted only that the Ordinance was passed by the City Council in the third reading, was vetoed on or about October 9, 2025 by Mayor Breanna Lungo-Koehn, and that the Medford City Council overrode the veto in a 6-1 vote on or about November 12, 2025.  Further answering, the Ordinance speaks for itself and denied to the extent inconsistent therewith.

15.    The Ordinance speaks for itself and denied to the extent inconsistent therewith.

16.    The Ordinance speaks for itself and denied to the extent inconsistent therewith.

17.    The Ordinance speaks for itself and denied to the extent inconsistent therewith.

18.    The Ordinance speaks for itself and denied to the extent inconsistent therewith.

### Federal Preemption

19.    Paragraph 19 of the Complaint contains conclusions of law for which no answer is required by the City.

20.    Paragraph 20 of the Complaint contains conclusions of law for which no answer is required by the City.

21.    Paragraph 21 of the Complaint contains conclusions of law for which no answer is required by the City.  To the extent a response is required, the allegations are denied.

22.    Paragraph 22 of the Complaint contains conclusions of law for which no answer is required by the City.  To the extent a response is required, the allegations are denied.

23.     Paragraph 23 of the Complaint contains conclusions of law for which no answer is required by the City.  To the extent a response is required, the allegations are denied.

24.     Paragraph 24 of the Complaint contains conclusions of law for which no answer is required by the City.  To the extent a response is required, the allegations are denied.

25.     The Ordinance speaks for itself and denied to the extent inconsistent therewith.

26.     Paragraph 26 of the Complaint contains conclusions of law for which no answer is required by the City.  Further answering, the City states that the case cited in Paragraph 26 speaks for itself.

27.     Denied.

28.     Denied.

29.     Denied.

30.     Paragraph 30 of the Complaint contains conclusions of law for which no answer is required by the City.  To the extent a response is required, the allegations are denied.

31.     Denied.

### State Preemption and Breach of Fiduciary Dury [sic]

32.     Paragraph 32 of the Complaint contains conclusions of law for which no answer is required by the City.  To the extent a response is required, admitted only that municipalities are granted certain authority expressly by statutes, but otherwise denied to the extent inconsistent with the Massachusetts Constitution and its amendments.

33.     Paragraph 33 of the Complaint contains conclusions of law for which no answer is required by the City.  To the extent a response is required, the allegations are denied.

34.    Paragraph 34 of the Complaint contains conclusions of law for which no answer is required by the City.  To the extent a response is required, the referenced statutes speak for themselves and denied to the extent inconsistent therewith.

35.    Paragraph 35 of the Complaint contains conclusions of law for which no answer is required by the City.  To the extent a response is required, the requirements under Massachusetts General Laws relative to municipal finance speak for themselves, and the City denies any characterization of same.

36.    Paragraph 36 of the Complaint contains conclusions of law for which no answer is required by the City.  To the extent a response is required, the requirements under Massachusetts General Laws relative to municipal finance speak for themselves, and the City denies any characterization of same.

37.    Paragraph 37 of the Complaint contains conclusions of law for which no answer is required by the City.  To the extent a response is required, the requirements under Massachusetts General Laws relative to municipal finance speak for themselves, and the City denies any characterization of same.

38.    The Ordinance speaks for itself and denied to the extent inconsistent therewith.

39.    The Ordinance speaks for itself and denied to the extent inconsistent therewith.

40.    Denied.

41.    Paragraph 41 of the Complaint contains conclusions of law for which no answer is required by the City.

42.    Paragraph 42 of the Complaint contains conclusions of law for which no answer is required by the City.

43.     Paragraph 43 of the Complaint contains conclusions of law for which no answer is required by the City.

44.     Denied.

45.     Denied.

46.     Denied.

47.     Denied.

48.     Denied.

49.     Denied.

50.     Denied.

**CLAIMS FOR RELIEF**

**COUNT I**
**Ultra Vires Municipal Action (G.L. c. 43B; Mass. Const. art. LXXXIX)**

51.     The Defendants repeat and incorporate their answers to the foregoing paragraphs.

52.     Denied to the extent inconsistent with the Massachusetts Constitution and its amendments.  Admitted only as to the fact that municipalities are granted certain authority expressly by statutes.

53.     Denied.

54.     Denied.

**COUNT II**
**Violation of Massachusetts Investment Statutes (G.L. c. 44, §§ 54, 55B)**

55.     The Defendants repeat and incorporate their answers to the foregoing paragraphs.

56.     Paragraph 56 of the Complaint contains conclusions of law for which no answer is required by the City.  To the extent a response is required, the referenced statute speaks for itself and denied to the extent inconsistent therewith.

57.    Denied.

58.    Denied.

## COUNT III
### Breach of Fiduciary Duty / Unlawful Interference with Fiduciary Duties
### (G.L. c. 32; c. 32B, § 20)

59.    The Defendants repeat and incorporate their answers to the foregoing paragraphs.

60.    Paragraph 60 of the Complaint contains conclusions of law for which no answer is required by the City.

61.    Denied.

62.    Denied.

## COUNT IV
### Federal Preemption – Supremacy Clause (U.S. Const. Art. VI)

63.    The Defendants repeat and incorporate their answers to the foregoing paragraphs.

64.    Denied.

65.    Paragraph 65 of the Complaint contains conclusions of law for which no answer is required by the City.  Further answering, the City states that the case cited in Paragraph 65 speaks for itself.

66.    Denied.

## COUNT V
### State-Law Preemption & Ultra Vires Municipal Divestment (G.L. c. 44, § 54)

67.    The Defendants repeat and incorporate their answers to the foregoing paragraphs.

68.    Paragraph 68 of the Complaint contains conclusions of law for which no answer is required by the City.  To the extent a response is required, the referenced statute speaks for itself and denied to the extent inconsistent therewith.

69.     Paragraph 69 of the Complaint contains conclusions of law for which no answer is required by the City.

70.     Paragraph 70 of the Complaint contains conclusions of law for which no answer is required by the City.

71.     The Ordinance speaks for itself and denied to the extent inconsistent therewith.

72.     The Ordinance speaks for itself and denied to the extent inconsistent therewith.

73.     Paragraph 73 of the Complaint contains conclusions of law for which no answer is required by the City.  To the extent a response is required, the referenced statute speaks for itself and denied to the extent inconsistent therewith.

74.     Denied.

75.     Denied.

76.     Denied.

77.     Denied.

## COUNT VI
**Void for Vagueness and Arbitrary Enforcement (Mass. Const.; U.S. Const. amend. XIV)**

78.     The Defendants repeat and incorporate their answers to the foregoing paragraphs.

79.     Denied.

80.     Denied.

81.     Denied.

## COUNT VII
**Federal Declaratory Judgment Act (28 U.S.C. § 2201)**

82.     The Defendants repeat and incorporate their answers to the foregoing paragraphs.

83.     Denied.

84.     Paragraph 84 of the Complaint comprises plaintiffs' request for relief, which does not require a response by the City.  The City, however, denies that the plaintiffs are entitled to the relief sought.

**COUNT VIII**
**Massachusetts Declaratory Judgment Act (G.L. c. 231A)**

85.     The Defendants repeat and incorporate their answers to the foregoing paragraphs.

86.     Denied.

87.     Paragraph 87 of the Complaint comprises plaintiffs' request for relief, which does not require a response by the City.  The City, however, denies that the plaintiffs are entitled to the relief sought.

**PRAYER FOR RELIEF**

This section contains Plaintiffs' prayers for relief to which no response is required.  To the extent a response is required, Defendants state that Plaintiffs' requests for relief should be denied.

**DEFENSES**

FIRST DEFENSE

The Complaint fails to state a cause of action upon which relief can be granted.

SECOND DEFENSE

The Plaintiffs lack standing to maintain this appeal.

THIRD DEFENSE

 The Plaintiffs' Complaint should be dismissed pursuant to the doctrines of ripeness and/or mootness.

FOURTH DEFENSE

The Complaint fails to state a claim for a constitutional right or statutory violation.

FIFTH DEFENSE

The only proper party in interest is the City of Medford.

JURY DEMAND

The Defendants respectfully request a trial by jury on all claims so triable.

CITY OF MEDFORD, CITY COUNCIL, and MAYOR,

By their attorneys,

*/s/ Janelle M. Austin*
Janelle M. Austin (BBO# 666835)
Devan C. Braun (BBO# 703243)
KP Law, P.C.
101 Arch Street
12th Floor
Boston, MA  02110-1109
(617) 556-0007
jaustin@k-plaw.com
dbraun@k-plaw.com

Date:  June 30, 2026

**CERTIFICATE OF SERVICE**

I, Janelle M. Austin, hereby certify that, on June 30, 2026, I caused a copy of the foregoing *Answer of Defendants to Plaintiffs' Verified Complaint* to be served on all parties of record who are registered participants of the Court's CM/ECF system.

*/s/ Janelle M. Austin*
Janelle M. Austin