UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ZACHARY R. CHERTOK and ELIOT JOKELSON,

Plaintiffs,

v.

CITY OF MEDFORD, MEDFORD CITY COUNCIL, and BREANNA LUNGO-KOEHN, in their official capacities,

Defendants.

**PLAINTIFFS' RESPONSE TO DEFENDANTS' STIPULATION**

Civil Action No. 1:26-cv-10589

Plaintiffs Zachary R. Chertok and Eliot Jokelson ("Plaintiffs"), through their undersigned attorneys, respectfully submit this response to Defendants' Stipulation, ECF 54, filed August 27, 2026. Plaintiffs consent to Defendants' agreement to neither enforce nor implement the Values-Aligned Local Investments Ordinance (the "Ordinance"), or a substantially similar law, and do not oppose entry of a permanent injunction to that effect. Plaintiffs' consent to entry of Final Judgment, however, is conditioned on such judgment also granting the declaratory relief Plaintiffs sought in their Complaint, ECF 1, namely a declaration that the Ordinance is ultra vires, invalid, and unenforceable. Defendants' promise not to enforce the Ordinance, coupled with its express denial of "liability or wrongdoing of any kind," ECF 54 ¶ 7, resolves only part of this case, leaving Plaintiffs' fundamental claims of the Ordinance's illegality unaddressed. Plaintiffs therefore respectfully request that any Final Judgment include both the consented-to permanent injunction and declaratory relief. Absent a declaratory judgment, Plaintiffs do not consent to the Stipulation.

## Relevant Background

Defendant City of Medford enacted the Ordinance in August 2025. Plaintiffs, resident-taxpayers of Medford, filed their Complaint on February 6, 2026, requesting, among other things,

that the Court (1) declare the Ordinance invalid, ultra vires, and unenforceable, and (2) enjoin the City from implementing or enforcing it. ECF 1 at 16.

On August 27, 2026, Defendants filed their Stipulation, requesting a Final Judgment of a permanent injunction, citing budgetary constraints and a desire to avoid further litigation expense. Defendants' stipulated the City "will not enforce, implement, or attempt[] to enforce or implement" the Ordinance, or a substantially similar ordinance, except in accordance with M.G.L. ch. 44 or other applicable law. The Stipulation expressly states it "shall not be construed in any way to be an admission of liability or wrongdoing of any kind by the City," and that "the City denies any such liability or wrongdoing."

**Argument**

While Plaintiffs welcome Defendants' well-founded decision to neither enforce nor implement the Ordinance, or a substantially similar one, the Stipulation's injunctive terms does not properly dispose of Plaintiffs' distinct claim for declaratory relief. Any Final Judgment must resolve both.

Declaratory and injunctive judgments are distinct forms of relief that are not interchangeable, cannot be collapsed into a single inquiry, and serve different functions. *Steffel v. Thompson*, 415 U.S. 452, 471 (1974); *see, e.g.*, *Ulstein Mar., Ltd. v. United States*, 833 F.2d 1052, 1055 (1st Cir. 1987) (explaining that "[i]njunctions and declaratory judgments are different remedies"). A declaration authoritatively fixes the parties' legal rights, while the injunction coercively compels conduct. Defendants' offer of an injunction thus does not answer or resolve Plaintiffs' separate request for a distinct declaration that the Ordinance is invalid.

Defendants frame their Stipulation as a budget-driven decision, while expressly denying any liability or wrongdoing, thereby allowing the underlying, fundamental controversy over the

Ordinance's illegality to persist. *See Lofton v. TLC Laser Eye Centers, Inc.*, No. CIV. CCB-00-1667, 2001 WL 121809, at *7 (D. Md. Feb. 8, 2001) (demonstrating that a live controversy remains over declaratory relief to determine an action's baseline validity, even when stipulating as to an injunction). The declaration, paired with the injunction, would definitively prevent the City from attempting to pass and/or enforce even a creatively worded ordinance in the hope that it would survive review. This is especially important given the political reality in Medford, where individual city councilors have publicly declared—including in submissions to this Court—their unflagging commitment to finding a way to enact and enforce a municipal law that illegally forces divestment of city funds. *See, e.g.*, ECF 45 (Plaintiffs' opposition to individual city councilors' ongoing attempts to intervene). To satisfy their Complaint, Plaintiffs seek a clear statement from the Court that laws such as the Ordinance are invalid, unenforceable, ultra vires deviations from a municipality's proper functions.[1]

## CONCLUSION

Plaintiffs consent to Defendants' Stipulation, to the extent that it seeks a permanent injunction. However, Plaintiffs respectfully request that any Final Judgment entered also declare the Ordinance, and any similar law, ultra vires, invalid, and per se unenforceable, together with such costs and further relief as the Court deems just, consistent with the relief demanded in Plaintiffs' Complaint.

---

[1] Plaintiffs also note for the Court that municipalities across the Commonwealth of Massachusetts—and the nation—have passed or a considering the passage of similar action as the Ordinance. A parallel suit has been filed in state court challenging a resolution passed in the town of Northampton. *See Hale, et al. v. City of Northampton,* et al., No. 2680-CV-00038, Doc No. 1 (Hampton Sup. Ct. Mar. 26, 2026). Meanwhile, similar or identical measures are under consideration in the towns of Easthampton, Sommerville, and Cambridge. A clear instruction from this Court that such municipal action is invalid, ultra vires, and unenforceable is sorely needed.

Dated: August 28, 2026

Respectfully submitted,
/s/ *Douglas S. Brooks*

Douglas S. Brooks (BBO No. 636697)
LIBBY HOOPES BROOKS & MULVEY, P.C.
260 Franklin Street
Boston, MA 02110
(617) 338-9300
dbrooks@lhbmlegal.com

Rachel Sebbag*
THE GEVURA FUND
PO Box 1187
Gloucester, MA 01931
(978) 491-5414
rachel@njaclaw.org

David Benger*
NATIONAL JEWISH ADVOCACY CENTER (NJAC)
1954 Airport Road, Suite 1196
Atlanta, GA 30341
(332) 278-1100
david@njaclaw.org

*admitted *pro hac vice*

**CERTIFICATE OF SERVICE**

I certify that on August 28, 2026, I electronically filed the foregoing by CM/ECF, which will send notification of such filing to all counsel of record in this matter.

Respectfully submitted,
/s/ *Douglas S. Brooks*
Douglas S. Brooks