**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ZACHARY R. CHERTOK, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF MEDFORD, et al.<br><br>Defendants. | C.A. No.: 1:26-cv-10589-GAO<br><br>**PROPOSED INTERVENORS' OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION** |

Pursuant to Federal Rule of Civil Procedure 72(b), Proposed Intervenors[1] respectfully submit these objections to Magistrate Judge Jennifer C. Boal's October 13, 2026, Report and Recommendation ("R&R"), ECF No. 66.

---

[1] On April 28, 2026, the undersigned filed their motion to intervene in defense of the Ordinance. ECF Nos. 9-10. Proposed Intervenors subsequently supplemented their motion on June 12, 2026, including declarations from City Councilors Anna Callahan and Matthew Leming. In issuing her recommendation, the magistrate judge declined to rule on the motion, reasoning that if plaintiffs lacked standing, the Court has no subject matter jurisdiction and so need not rule on the motion to intervene. Proposed Intervenors do not disagree with this determination. Fed. R. Civ P. 72 does not anticipate the situation where a Magistrate denies a pending motion to intervene by implication, but only for one of two alternate theories. Should the court find that Plaintiff has standing, to the extent that Fed. R. Civ. P. 72 requires that objections be filed by a party, Proposed Intervenors request that the court treat these objections as a renewed Motion to Intervene or a supplemental Memorandum of Law in support of its original Motion to Intervene. *See* Fed. R. Civ. P. 1 ("[The Rules] should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.")

## INTRODUCTION

Proposed Intervenors agree with the R&R's conclusion that Plaintiffs lack Article III standing and that this action should be dismissed for lack of subject-matter jurisdiction. R&R at 5–7. However, Proposed Intervenors object to the R&R's alternative recommendation that, should the District Court disagree on standing, it enter a permanent injunction pursuant to the City of Medford's stipulation and dismiss the action as moot. *Id*. at 10. The reasoning underpinning the alternative recommendation presents a fundamental jurisdictional inconsistency: it concludes that the City's agreement to a permanent injunction renders Plaintiffs' claims moot because they have already received all available injunctive relief, yet recommends entering that very injunction. *Id*. at 8–10. The City's consent to an injunction is not equivalent to the entry of enforceable judicial relief.

If the Court adopts the R&R's standing determination, the action should be dismissed without further relief. Alternatively, if the Court instead concludes that Plaintiffs have standing, it should first grant the Proposed Intervenors' pending motion to intervene and consider their arguments concerning mootness and the City's stipulation before entering any permanent injunction.

## OBJECTIONS TO THE REPORT AND RECOMMENDATION

### A. The Court Should Adopt the R & R's Standing Determination and Decline to Adopt Its Alternative Recommendation.

The R&R correctly concludes that Plaintiffs lack Article III standing because they have failed to identify any actual unlawful expenditure of municipal funds. Once the Court determines that Plaintiffs lack standing, dismissal for lack of subject-matter jurisdiction is the appropriate disposition. Federal courts have an independent obligation to establish subject-matter jurisdiction

before proceeding to adjudicate a dispute. *Calvary Chapel of Bangor v. Mills,* 984 F.3d 21, 26 (1st Cir. 2020).[2]

The City's consent to a permanent injunction cannot independently establish jurisdiction. *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006); *Espinal-Dominguez v. Puerto Rico*, 352 F.3d 490, 495 (1st Cir. 2003). As the First Circuit has recognized, "subject matter jurisdiction cannot be conferred on a federal court by the parties' agreement alone." *Calvary Chapel*, 984 F.3d at 26. *See also* ECF Nos. 22, 56-1, 60 (Proposed Intervenors' prior briefing concerning jurisdiction and the propriety of injunctive relief).

**B. If the Court Disagrees with the Magistrate Judge's Recommendation and Finds that Plaintiffs Possess Standing, It Should Grant the Pending Motion to Intervene Before Addressing Mootness or Entering a Permanent Injunction.**

If the Court disagrees with the R&R's standing determination, it should resolve Proposed Intervenors' pending Motion to Intervene before considering the City's stipulation or the R&R's alternative recommendation. On April 28, 2026, twelve Medford residents and municipal taxpayers moved to intervene pursuant to Federal Rule of Civil Procedure 24 to defend the Ordinance. ECF Nos. 9–10. Their motion remains pending. Since then, the City has stipulated that it will not enforce or implement the Ordinance or any substantially similar ordinance and has consented to entry of a permanent injunction. ECF No. 54. Despite Proposed Intervenors' substantial briefing on the matter and involvement every step of the way in these proceedings since April, and the magistrate judge's decision to permit them time at argument, the recommendation mentions them only in passing, and fails to address their intervention prior to the mootness

[2] Proposed Intervenors provided in-depth explanations of these issues in their prior brief, including their Opposition to Plaintiffs' Motion for Preliminary Injunction, ECF No. 22; Exhibit 1 to ECF No. 56, ECF No. 56-1; and supplemental briefing submitted pursuant to the magistrate judge's August 31, 2026 Order. ECF No. 60.

argument. That approach is procedurally faulty. Their right to intervene must be addressed before the mootness determination. *See Local No. 93, Int'l Ass'n of Firefighters v. City of Cleveland*, 478 U.S. 501, 529 (1986) (recognizing that a consent decree cannot dispose of the valid claims of nonconsenting intervenors); *P.R. Dairy Farmers Ass'n v. Pagán*, 748 F.3d 13, 20 (1st Cir. 2014) ("[T]hird party intervenors who object that they are adversely affected by a settlement between a government entity and a private party should be provided with adequate notice and an opportunity to have these objections heard."); *United States v. Cannons Eng'g Corp.*, 899 F.2d 79, 94 (1st Cir. 1990) (recognizing that intervenors should receive "a fair opportunity to present relevant facts and arguments to the court, and to counter the opponent's submissions" (quoting *Aoude v. Mobil Oil Corp.*, 862 F.2d 890, 894 (1st Cir. 1988))). *See also* ECF No. 56-1 at 1–2; ECF No. 60 at 12–14.

The City's stipulation demonstrates precisely why intervention is warranted. Under Rule 24(a)(2), intervention as of right is appropriate where a motion is timely, the movant possesses a direct and legally protectable interest in the subject of the litigation, disposition of the action may impair that interest, and the existing parties do not adequately represent it. As explained in their April 28 memorandum, Proposed Intervenors satisfy these requirements. ECF No. 10 at 10–16. Critically, a proposed intervenor "need only show that representation may be inadequate, not that it is inadequate." *Conservation Law Foundation of New England, Inc. v. Mosbacher*, 966 F.2d 39, 44 (1st Cir. 1992). Although governmental defendants are generally presumed to adequately represent the interests of those supporting duly enacted laws, that presumption may be overcome by adversity of interest, divergent litigation objectives, or nonfeasance. *Daggett v. Commission on Governmental Ethics & Election Practices*, 172 F.3d 104, 111 (1st Cir. 1999).

Here, the divergence of interests is undeniable: while Proposed Intervenors seek to defend the Ordinance, the City has affirmatively requested a permanent injunction against its own

enforcement without conceding its illegality. ECF No. 60 at 14–17. Notably, the City's litigation posture is controlled by the Mayor, who previously vetoed the Ordinance before the City Council overrode her veto. ECF No. 10 at 4–5, 9. The Mayor's prior opposition to the Ordinance, coupled with the City's subsequently proposed agreement to permanently enjoin its enforcement, confirms that the existing parties no longer adequately represent Proposed Intervenor's interests. Moreover, the requested injunction would permanently prohibit enforcement of the Ordinance and extend to substantially similar future ordinances, directly impairing the interests Proposed Intervenors seek to protect. *See Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538–39 & n.10 (1972); *Daggett*, 172 F.3d at 110; *see also* ECF No. 56-1 at 2–3. The stipulation likewise supports permissive intervention under Rule 24(b), as Proposed Intervenors would provide a substantive defense of the Ordinance without asserting affirmative claims or expanding the litigation. *See Daggett*, 172 F.3d at 113 (recognizing that courts may consider whether an intervenor would assist in developing a complete record).

The R&R nevertheless recommends mooting the action and entering a permanent injunction without resolving intervention (if the magistrate judge's recommendation that the Court find Plaintiffs lack standing is rejected) despite Proposed Intervenors having filed their motion approximately four months before the stipulation. Proposed Intervenors agree that Article III standing is a prerequisite to adjudicating the merits and that, absent Plaintiffs' standing, this action must be dismissed. But if the Court finds that Plaintiffs possess standing, it should resolve intervention before adopting the R&R's alternative mootness recommendation or entering permanent injunctive relief. Otherwise, the City's stipulation could effectively foreclose Proposed Intervenors' opportunity to defend the Ordinance before the Court determines whether they are entitled to participate. Furthermore, Proposed Intervenors seek only to defend against Plaintiffs'

requested relief and therefore need not independently establish Article III standing. *Melone v. Coit*, 100 F.4th 21, 29 (1st Cir. 2024); *Town of Chester v. Laroe Estates, Inc.*, 581 U.S. 433, 439–40 (2017); *see also* ECF No. 60 at 16–17. Their participation would not independently expand the Court's jurisdiction.

The City's proposed stipulation also does not, by itself, establish mootness. The R&R concludes that Plaintiffs have already received all available injunctive relief because the City has consented to a permanent injunction and committed not to enforce the Ordinance. ECF No. 66 at 8–9. But the City has merely requested entry of an injunction; no permanent injunction has yet been entered. The party asserting mootness bears the "heavy burden of persuasion" to demonstrate that intervening events have "completely and irrevocably eradicated" the effects of the challenged conduct. *Town of Barnstable v. O'Connor*, 786 F.3d 130, 142 (1st Cir. 2015) (citations omitted).

Here, the Ordinance remains in effect, the City Council has expressed its intention to pursue its implementation, and the City has not conceded its illegality. Although the R&R concludes that the Mayor possesses enforcement authority, ECF No. 66 at 9, that conclusion does not eliminate the need to assess whether the City's commitment sufficiently forecloses future enforcement, particularly where the requested injunction would also reach substantially similar future ordinances. *See City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 289 (1982) (holding that repeal of the challenged ordinance did not moot the controversy where the city remained free to reenact it); *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000) (explaining that voluntary cessation does not establish mootness unless it is "absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur").

Moreover, the alternative recommendation rests on circular reasoning. If the City's stipulation has already rendered Plaintiffs' claims moot, the Court lacks jurisdiction to enter the

requested permanent injunction. Article III requires a live controversy before a federal court may grant injunctive relief. The stipulation cannot simultaneously eliminate the controversy and supply the basis for the Court to exercise jurisdiction to resolve it. Conversely, if a live controversy remains, the Court should resolve the pending Motion to Intervene before determining whether permanent injunctive relief is warranted, particularly where the City seeks an injunction prohibiting its own implementation of the Ordinance.

Finally, the proposed injunction raises significant concerns regarding Medford's legislative authority. The City Council enacted the Ordinance over the Mayor's veto and appropriated funds for its defense, yet the City now seeks to permanently prohibit its enforcement without any adjudication of illegality. ECF No. 60 at 9–12. The Supreme Court has cautioned that federal court decrees may "improperly deprive future officials of their designated legislative and executive powers." *Horne v. Flores*, 557 U.S. 433, 450 (2009) (quoting *Frew v. Hawkins*, 540 U.S. 431, 441 (2004)). Here, the proposed injunction would extend beyond the existing Ordinance to substantially similar future ordinances, potentially constraining future City Councils. Moreover, because the Ordinance remains duly enacted and has not been declared unlawful, the proposed injunction would place the City in the untenable position of being federally prohibited from implementing legislation that remains binding under municipal law.These concerns further underscore why the Court should resolve intervention and consider Proposed Intervenors' objections before entering permanent injunctive relief, should it find that the Plaintiffs have standing.

## CONCLUSION

For the foregoing reasons, Proposed Intervenors respectfully request that the Court adopt the R&R's standing determination and dismiss this action without entering an injunction.

Alternatively, if the Court finds standing, it should grant the pending Motion to Intervene, reject the R&R's alternative mootness recommendation, and decline to enter a permanent injunction.

Dated: October 27, 2026

Respectfully submitted,

*/s/Malak Afaneh*

Malak Afaneh
Attorney for Proposed Intervenors
American-Arab Anti-Discrimination Committee
910 17th Street, Northwest
Washington, DC 20006
mafaneh@adc.org

*/s/Jenin Younes*

Jenin Younes
Attorney for Proposed Intervenors
American-Arab Anti-Discrimination Committee
910 17th Street, Northwest
Washington, DC 20006
jyounes@adc.org

*/s/Micah-Shalom Kesselman*

Micah-Shalom Kesselman (BBO #: 697902)
Attorney for Proposed Intervenors
499 Main Street
Medford, MA 02155
414-378-3533
mkesselm@gmail.com

**CERTIFICATE OF SERVICE**

I certify that on October 27, 2026, I served via ECF a copy of the foregoing Proposed Intervenors' Objections to the Magistrate Judge's Report and Recommendation on all counsel of record.

*/s/Malak Afaneh*

Malak Afaneh
American-Arab Anti-Discrimination Committee
910 17th Street, Northwest
Washington, DC 20006
mafaneh@adc.org

*Attorney for Proposed Intervenors*