**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

ZACHARY R. CHERTOK
and ELIOT JOKELSON,

Plaintiffs,

v.

CITY OF MEDFORD,
MEDFORD CITY COUNCIL,
and BREANNA LUNGO-KOEHN, in her official capacity,

Defendants.

Civil Action No.
1:26-cv-10589-LTS

**PLAINTIFFS' OPPOSITION TO PROPOSED INTERVENORS' OBJECTIONS TO REPORT AND RECOMMENDATION**

Plaintiffs Zachary R. Chertok and Eliot Jokelson ("Plaintiffs"), by and through their undersigned attorneys, respectfully submit this opposition to the "Proposed Intervenors' Objections to the Magistrate Judge's Report and Recommendation," ECF 71 ("Non-Parties' Objections"). The Non-Parties' Objections should be overruled and disregarded for the basic reason that parties and only parties can submit objections to the Magistrate Judge's Report and Recommendation, ECF 66 ("R&R").

**Relevant Background**

Plaintiffs, resident taxpayers of Defendant City of Medford, filed this action challenging the City's Values-Aligned Local Investments Ordinance. R&R at 1. On April 28, 2026, twelve Medford residents moved to intervene under Rule 24 to defend the Ordinance. R&R at 3. Two sitting members of the City Council later sought to join the intervention effort, ECF 37. Plaintiffs opposed the motion to intervene, explaining that the movants have no distinct, legally protectable interest, that any interest is adequately represented by the existing Defendants, and that, in any

event, the movants "have no standing to engage in motions practice at this juncture." ECF 24 at 2 n.1.

On October 13, 2026, the Magistrate Judge issued her R&R in which she recommended that the action be dismissed on standing grounds, or, in the alternative, that the Defendants' stipulated-to permanent injunction be issued and the case be dismissed as moot. R&R at 10. The Magistrate Judge did not reach the pending motion to intervene, correctly reasoning that "the proposed intervenors are wrong that this Court should resolve their pending motion to intervene before making a determination regarding standing or mootness." R&R at 4 n.2.

The R&R advised that "any party who objects to these proposed findings and recommendations must file specific written objections" within 14 days. R&R at 10. Plaintiffs timely filed their objections on October 27, 2026, ECF 70. The Non-Parties' Objections were filed the same day.

**Argument**

The right to object to an R&R is expressly reserved by rule and statute to "a party." Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1). The First Circuit construes "party" under Rule 72 strictly. *Diamantis v. Milton Bradley Co.*, 772 F.2d 3, 5 n.2 (1st Cir. 1985); *see also Century Mfg. Co. v. Cent. Transp. Int'l, Inc.*, 209 F.R.D. 647, 647 (D. Mass. 2002) (overruling plaintiff's objection to stipulated dismissal of third-party action because plaintiff is not "a 'party'" to that matter and therefore "lacks standing to challenge" it); *Landron-Class v. United States*, 86 F. Supp. 3d 64, 79 (D.P.R. 2015) (finding no objections to R&R before the court because no party objected before the deadline). The Proposed Intervenors are not parties and therefore cannot file objections.

They concede that fatal defect in their filing but then make the absurd request that their objections to the R&R be instead "treat[ed] . . . as a renewed Motion to Intervene or a supplemental

Memorandum of Law in support of its original Motion to Intervene." ECF 71 at 1 n.1. Rule 72's strict parties-only requirement cannot be circumvented with a nifty labeling ploy, nor is it a mere technicality. *See Mut. Produce, Inc. v. Penn Cent. Transp. Co.*, 119 F.R.D. 619, 620 (D. Mass. 1988) (holding "intervenors could not be considered 'parties' until their motions to intervene had been granted. As the motion to intervene has yet to be allowed," intervenors had no basis for moving to avoid stipulated dismissal); *see also Moses v. City of Perry*, 90 F.4th 501, 505 (6th Cir. 2024) (holding "a nonparty does not become a party until the district court grants the motion to intervene"); *Toronto-Dominion Bank v. Cent. Nat. Bank & Tr. Co.*, 753 F.2d 66, 68 (8th Cir. 1985) (holding that while a motion to intervene is unresolved, the movant "has no standing to take an appeal or appear as a party" and "no standing to file a motion" as a party in the interim).

The R&R correctly concluded that "the proposed intervenors are wrong that this Court should resolve their pending motion to intervene before making a determination regarding standing or mootness." R&R at 4 n.2. Recharacterizing the objections as a renewed intervention motion changes nothing. There is no mechanism of moving to intervene to object to an R&R, so the motion would still be resolved after, not before, the jurisdictional questions in the R&R are fully resolved.

The intervention question has already been briefed and opposed. The Proposed Intervenors moved to intervene, ECF 9–10, and Plaintiffs opposed, ECF 24, showing that the movants lack any distinct, legally protectable interest and are adequately represented by the existing Defendants. ECF 24 at 4–9. The Proposed Intervenors are not entitled to a second round of intervention briefing dressed up as objections to a R&R, nor are they entitled to be heard on the R&R.

**Conclusion**

For the foregoing reasons, Plaintiffs respectfully request that the Court overrule and disregard the Proposed Intervenors' objections in totem, strike the Non-Parties' Objections from

the record, and resolve the R&R only on objections properly before it, namely those filed by the parties.

Dated: November 9, 2026

Respectfully submitted,

/s/ *Douglas S. Brooks*
Douglas S. Brooks (BBO No. 636697)
LIBBY HOOPES BROOKS & MULVEY, P.C.
260 Franklin Street
Boston, MA 02110
(617) 338-9300
dbrooks@lhbmlegal.com

Mark Goldfeder (pro hac vice)
NATIONAL JEWISH ADVOCACY CENTER
1954 Airport Road, Suite 1196
Atlanta, GA 30341
(332) 278-1100
mark@njaclaw.org

Rachel Sebbag (pro hac vice)
THE GEVURA FUND
PO Box 1187
Gloucester, MA 01931
(978) 491-5414
rachel@njaclaw.org
Counsel for Plaintiffs

**CERTIFICATE OF SERVICE**

I hereby certify that on November 9, 2026, this document was filed through the Court's CM/ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies/PDFs will be sent by regular mail/email on this date to those indicated as non-registered participants.

/s/ Douglas S. Brooks
Douglas S. Brooks